IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMMA COLE,

                Petitioner,

v.

ST. CROIX COUNTY, WISCONSIN,

                Respondent.

OPINION and ORDER

23-cv-312-jdp

---

      Emma Cole, who was arrested in Florida on May 10, 2023, and is currently incarcerated in Alachua County, Florida, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Cole contends that the warrant for her arrest, which was issued by the Circuit Court for St. Croix County, Wisconsin, is invalid as a matter of law. She asks this court to order respondent St. Croix County to quash the warrant or dismiss the felony complaint against her so that she may be released from custody in Florida. The petition is before the court for screening under Rule 4 of the Rules Governing Section 2254 Cases, which I may apply to petitions like Cole's. *See* Rule 1(b), Rules Governing Section 2254 Cases. Because it is plain from the petition and Cole's other submissions that Cole is not entitled to federal habeas relief, I will deny her petition.[1]

BACKGROUND

      In 2018, a St. Croix County Circuit Court judge granted Cole (who then went by the name Mary Langworthy) sole custody over her child. Under the terms of the custody order,

---

[1] Cole has also filed a Motion to Join Additional Necessary Defendants, Dkt. 5, and a Motion for Preliminary Injunction, Dkt. 6. I will deny both motions as moot.

the child's father was granted twice-monthly supervised visitation rights at a family support services center in Minnesota. *See* Dkt. 5-2. At some point thereafter, Cole moved to Florida with the child.

In May 2022, the St. Croix County Circuit Court issued a warrant for Cole's arrest based on her purported failure to comply with the custody order. The warrant, which initially charged only misdemeanor contempt of court, was later amended to add a felony charge under Wis. Stat. § 948.31(3)(c). *See* St. Croix County Case No. 2022CF000289. That law makes it a felony for a parent to "withhold[] a child for more than 12 hours beyond [a] court-approved . . . visitation period" when there has been a court order "specifying joint custody rights and periods of physical placement." Wis. Stat. § 948.31(3)(c).

On May 10, 2023, law enforcement officials in Florida arrested Cole at her home based on the Wisconsin warrant and placed her in jail pending extradition.

On May 11, 2023, Cole's attorney filed a motion in St. Croix County Circuit Court seeking to quash the warrant on the ground that it is insufficient as a matter of law. Specifically, Cole's attorney argued that § 948.31(3)(c) can't apply to Cole because Cole was granted sole custody and the law only applies in cases involving joint custody. The state responded to the motion that same day, and the circuit court has yet to issue a ruling.

Also on May 11, 2023, Cole filed her petition in this court, making the same argument regarding the legal insufficiency of the felony charge. Dkt. 1. Cole asks this court to order St. Croix County to quash the warrant or dismiss the felony complaint against Cole so that she can be released from custody.

ANALYSIS

Cole essentially seeks an order from this court requiring the St. Croix County Circuit Court to rule that the warrant in her state criminal case is invalid. But even if there is merit to Cole's underlying claim, she makes no effort to explain why federal habeas relief would be appropriate here. Because there is no basis for such relief, her petition must be denied.

Absent exceptional circumstances, a federal court must abstain from interfering with ongoing state-court proceedings that are judicial in nature, involve important state interests, and provide an adequate opportunity to raise the federal claims. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). Exceptional circumstances include when the pending state court proceeding is motivated by a desire to harass or is conducted in bad faith, *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596–97 (7th Cir. 2007), or where "immediate federal intervention is necessary to prevent the challenge from becoming moot," *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Such relief is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies. *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009).

No such exceptional circumstances exist here. Cole doesn't allege that St. Croix County officials are acting in bad faith, that she faces double jeopardy, or that her right to a speedy trial has been violated. Instead, she contends that her arrest was improper because the warrant authorizing it is based on a flawed interpretation of a Wisconsin statute. She has not exhausted her state-court remedies: her parallel motion to quash is currently pending in the state circuit court. Rather than seek habeas relief in this federal court, Cole must litigate her challenge in the state circuit court and, if necessary, the court of appeals and Wisconsin Supreme Court. This is not one of the rare instances in which this federal court may interfere in the state's

proceedings. *See Younger*, 401 U.S. at 49 (Exceptional circumstances do not exist when the threatened injury "is solely that incidental to every criminal proceeding brought lawfully and in good faith." (internal quotation omitted)).

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Here, no reasonable jurist would disagree that Cole's petition should be denied so I will not issue a certificate.

ORDER

IT IS ORDERED that:

1. Petitioner Emma Cole's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. Cole's Motion to Join Additional Necessary Defendants, Dkt. 5, is DENIED.

3. Cole's Motion for Preliminary Injunction, Dkt. 6, is DENIED.

4. Cole is DENIED a certificate of appealability.

5. The clerk of court is directed to enter judgment and close this case.

Entered May 16, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge